

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-08-474-CV**

---

1998 DODGE 1500 PICK UP,                                            APPELLANT
TEXAS TAG #04M-FV4,
VIN #3B7HC13Z6WG208091

V.

THE STATE OF TEXAS                                                  APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant David Wayne Wilson attempts to appeal from a final judgment

forfeiting his interest in a white 1998 Dodge 1500 Pick Up, Texas Tag #04M-

---

[1] *See* Tex. R. App. P. 47.4.

FV4, VIN #3B7HC13Z6WG208091 to the State.[2] Because Wilson's notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on August 18, 2008. Accordingly, Wilson's notice of appeal was due thirty days later on September 17, 2008. *See* Tex. R. App. P. 26.1 (providing that the notice of appeal must be filed within thirty days after the judgment is signed).[3] Wilson filed his notice of appeal on December 5, 2008.

Because Wilson's notice of appeal appeared to be untimely filed, we notified him on December 15, 2008, of our concern that this court might not have jurisdiction over his appeal. We informed him that unless he or any party desiring to continue the appeal filed with the court, on or before December 29, 2008, a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

Wilson filed a response on December 31, 2008, but he failed to show any grounds for continuing the appeal. Times for filing a notice of appeal are mandatory and jurisdictional, and absent a timely filed notice of appeal or

---

[2] *See* Tex. Code Crim. Proc. Ann. arts. 59.01, .06 (Vernon Supp. 2008), arts. 59.02–.05 (Vernon 2006).

[3] There are exceptions to the thirty-day requirement, but none apply here. *See* Tex. R. App. P. 26.1(a)(1)–(4), 26.1(c), 26.3, 30.

2

extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Wilson's notice of appeal was not timely filed, we dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: February 5, 2009

3